United States District Court
Southern District of Texas
**ENTERED**
August 06, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| SEBRIN BEHAR, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-25-5093 |
| | § | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

This is an insurance dispute based on a car accident in August 2024, which occurred as Sebrin Behar and the insured, Mohammed Ahmed, "were leaving [their] wedding ceremony." (Docket Entry No. 13-1 at 1). Behar sued State Farm for denying her claim for coverage as a "resident relative"—that is, a spouse who lives with the insured—under Ahmed's insurance policy. State Farm moved for summary judgment, arguing that Behar was not married to Ahmed and did not reside with him at the time of the accident. (Docket Entry No. 12 at 5–6). Behar responds that she was married under the common law to Ahmed and resided with him at the time of the accident. (Docket Entry No. 13 at 5–6). State Farm did not reply. Given the evidence in Behar's favor, that is not a surprise.

Based on the motion, the response, and the applicable law, the court grants in part and denies in part State Farm's motion for summary judgment. The court grants summary judgment on Behar's fraud and intentional-infliction-of-emotional-distress claims. The court denies summary judgment on Behar's contract, bad-faith, and Deceptive Trade Practices Act claims.

*First*, material factual disputes preclude summary judgment on Behar's contract claim. The insurance policy covers "a person, other than you, who resides with a person . . . who is: (1) related to that named insured . . . by . . . marriage." (Docket Entry No. 13-7 at 2). Behar produced evidence showing both that she resided with Ahmed and that she was married to him at the time of the accident.

Behar's affidavit states that she "resided with [Ahmed] at his house located at 3000 Sage Road, Apt. 126" and "moved into" his "residence prior to" the underlying car accident. (Docket Entry No. 13-1 at 1). Behar's amended interrogatory response lists this address as her residence. (*See* Docket Entry No. 13-4 at 3). State Farm argues that Behar's driver's license and initial interrogatory response list a different address. (Docket Entry No. 12-4 at 4; Docket Entry No. 12-5 at 2). But the license's address could have been an old one, and Behar's attorney could have issued the original interrogatory response by mistake. For example, Behar's license issued in January 2023, more than a year and a half before she married Ahmed in August 2024. (*Compare* Docket Entry No. 12-5 at 2, *with* Docket Entry No. 13-2 at 1). The record includes credit-card and bank records that show that Behar lived with Ahmed in August 2024. (*See* Docket Entry No. 13-5). The jury can resolve the factual dispute on where Behar resided at the time of the accident. *See McMillan v. State Farm Ins. Lloyds*, 814 F. Supp. 3d 824, 832 (S.D. Tex. 2025).

Behar also produced evidence showing that she and Ahmed were married at the time of the accident. (*See, e.g.*, Docket Entry No. 13-1 at 1). Because the term "marriage" in the insurance contract is undefined, courts use its "ordinary meaning." *McMillan*, 814 F. Supp. 3d at 832. Marriage has long included common-law marriages. *See White v. State Farm Mut. Auto. Ins. Co.*, 907 F. Supp. 1012, 1016 (E.D. Tex. 1995) (citing *Grigsby v. Reib*, 153 S.W. 1124 (Tex. 1913)). "An informal or common law marriage exists in Texas if the parties (1) agreed to be married, (2)

lived together in Texas as husband and wife after the agreement, and (3) presented to others that they were married." *Smith v. Allen*, No. 14-25-00620-CV, 2026 WL 848973, at *3 (Tex. App.—Houston [14th Dist.] Mar. 26, 2026, no pet.) (mem. op.).

The record includes evidence on each element. The record includes Behar and Ahmed's religious marriage license from August 2024, showing that they agreed to be married. (Docket Entry No. 13-2). It includes credit card and bank records listing Ahmed's address as Behar's, showing that they lived together around the time of and after the agreement to marry. (*See, e.g.*, Docket Entry Nos. 13-1, 13-5). And it includes the contract for their wedding venue, showing that they presented to others that they were married before the accident. (Docket Entry No. 13-3). As Behar stated in her affidavit, the collision occurred as she and Ahmed "were leaving [their] wedding ceremony which family and friends had just attended." (Docket Entry No. 13-1 at 1). A reasonable jury could conclude, based on this evidence, that Behar married Ahmed before the accident. *See, e.g.*, *Garduno v. Garduno*, 760 S.W.2d 735, 740 (Tex. App.—Corpus Christi-Edinburg, 1988, no pet.) (legally sufficient evidence of a common-law marriage when the parties exchanged wedding rings and told others that they were married). As a result, a reasonable jury could find that Behar was a "resident relative" under Ahmed's insurance policy.

*Second*, material factual disputes preclude summary judgment on Behar's bad-faith claim. "[A]n insurer breaches its duty of good faith and fair dealing by denying a claim when the insurer's liability has become reasonably clear." *State Farm Fire & Cas. Co. v. Simmons*, 963 S.W.2d 42, 44 (Tex. 1998). Behar must produce evidence showing that (1) State Farm had no reasonable basis for denying or delaying payment of benefits under the policy; and that (2) State Farm knew or should have known that there was no reasonable basis for denying the claim or delaying payment.

*Vandeventer v. All Am. Life & Cas. Co.*, 101 S.W.3d 703, 722 (Tex. App.—Fort Worth 2003, no pet.).

Behar's license is the only pre-litigation evidence in the record from which State Farm could have concluded that Behar was not a "resident relative" under Ahmed's policy. *See Viles v. Sec. Nat. Ins. Co.*, 788 S.W.2d 566, 567 (Tex. 1990) ("Whether there is a reasonable basis for denial, however, must be judged by the facts before the insurer at the time the claim was denied."). But again, Behar's license issued in January 2023, more than a year and a half before she married Ahmed. (*Compare* Docket Entry No. 12-5 at 2, *with* Docket Entry No. 13-2 at 1). If Behar's evidence is credited, then any reasonable investigation by State Farm into her claim would have shown that Behar resided with Ahmed at the time of the accident and that Behar and Ahmed were married before the accident. *See, e.g.*, *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 57 (Tex. 1997) (holding that the plaintiff's medical records "should have been reasonably clear" that the "claim should be paid"). A jury can find that State Farm acted unreasonably by denying coverage based on a license that included an outdated address. *See id.* (assessing whether there "the records [at issue] were unreliable"). State Farm offers no evidence or affidavits about how it investigated Behar's claim which would show that it acted reasonably. The jury must resolve the bad-faith claim.

*Third*, the court denies summary judgment on Behar's DTPA claim. State Farm argues that Behar's DTPA claim fails because there is no coverage and she is not a consumer. The first argument fails because a reasonable jury could find coverage. The second argument fails because beneficiaries of insurance contracts have standing to sue under the DTPA. The Texas Supreme Court has rejected the argument that "only direct purchasers can be consumers." *Kennedy v. Sale*, 689 S.W.2d 890, 892 (Tex. 1985). "The only requirement is that the goods or services sought or

acquired by the consumer form the basis of his complaint." *Flenniken v. Longview Bank & Tr. Co.*, 661 S.W.2d 705, 707 (Tex. 1983). Courts have interpreted *Kennedy* to hold that a plaintiff is a "consumer under the DTPA" if they "acquired . . . benefits by being covered under the policy." *In re Stillwater Abbott Dev., LLC*, ___ B.R. ___, 2026 WL 1293667, at *50 n.443 (Bankr. N.D. Tex. May 8, 2026); *cf. Favor v. Hochheim Prairie Farm Mut. Ins. Ass'n*, 939 S.W.2d 180, 182 (Tex. App.—San Antonio 1996, writ denied) (holding that an insurance agent was not a consumer under the DTPA because he "was not covered by any of" his client's "policies"). If a third party is covered by an insurance contract, that is strong evidence the "transaction was specifically intended to benefit the third party, and the good or service was rendered to benefit the third party." *Guijarro v. Enter. Holdings, Inc.*, No. 1:19-CV-217, 2020 WL 10229102, at *4 (S.D. Tex. Aug. 5, 2020). Because State Farm offers no other reason to grant summary judgment on the DTPA claim, the court denies State Farm's motion on it.

*Fourth*, the court grants summary judgment on Behar's remaining claims. Behar's fraud claim fails because it is based entirely on the language in the insurance agreement; she alleges no statement that induced her or Ahmed to enter into the agreement. *See McMillan*, 814 F. Supp. 3d at 837–38. The fraud claim merges with the contract claim. *See id.* Behar's intentional-infliction-of-emotional-distress claim fails because she alleges no conduct that goes beyond all possible bounds of human decency. *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex. 1994). The Texas Supreme Court has held that clear evidence of bad faith, such as fabricating excuses for failing to address insurance claims or giving insureds the "runaround," is legally insufficient to state an IIED claim. *See id.* at 699–700. State Farm's coverage denial, though potentially unreasonable and in bad faith, was not so tortious as to amount to an intentional infliction of emotional distress. Summary judgment is granted on the fraud and IIED claims.

For these reasons, the court grants in part and denies in part State Farm's motion for summary judgment. (Docket Entry No. 12). The contract, bad-faith, and DTPA claims proceed to trial. Summary judgment is granted on the fraud and intentional-infliction-of-emotional-distress claims.

SIGNED on August 4, 2026, at Houston, Texas.

Lee H. Rosenthal
Senior United States District Judge